```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION
```

MICHAEL L. HARRIS,              )
                                )
Petitioner,                     )
                                )
vs.                             )    CAUSE NO. 3:13-CV-857
                                )
COMMISSIONER,                   )
                                )
Respondent.                     )

## **OPINION AND ORDER**

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Michael L. Harris, on August 22, 2013. For the reasons set forth below, the petition (DE 1) is **DENIED** and Harris is **DENIED** a certificate of appealability.

BACKGROUND

Michael L. Harris, a *pro se* prisoner, is challenging his conviction for failing to register as a sex offender and three year sentence imposed on February 27, 2012, by the Elkhart Superior Court under cause number 20D06-0911-FD-383. Harris filed a direct appeal; the Court of Appeals of Indiana affirmed in *Harris v. State*, 985 N.E.2d 767 (Ind. Ct. App. 2013) (DE 7-6); and the Indiana Supreme Court denied transfer. (DE 7-2 at 2). In this habeas corpus petition, Harris raises three grounds for habeas corpus relief.

DISCUSSION

Ground One

Harris argues that Indiana's sex offender registry requirements violate his First Amendment right to free expression on the internet by preventing him from making anonymous comments. Specifically, he challenges Indiana Code § 11-8-8-8(a)(7) which requires that he register with law enforcement officials "Any electronic mail address, instant messaging username, electronic chat room username, or social networking web site username that the sex or violent offender uses or intends to use." Though this requirement does not prohibit him from speaking, Harris argues it has a chilling effect because he wants to make political statements about sex offender laws without the government knowing that it was him. The Court of Appeals of Indiana addressed this claim, but held, "we reject Harris's claim that I.C. § 11-8-8-8(a)(7) chills his expression under the First Amendment." *Harris*, 785 N.E.2d at 776.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Harris argues that the "Indiana Court of Appeals decision in this cause, misinterpreted *Doe v. Shurtleff*, 628 F.3d 1217 (10th Cir. 2010) in denying Harris's petition." DE 10 at 6. However, that is not a basis for habeas corpus relief. Indeed, none of Harris's citations to non-United States Supreme Court cases are relevant. As the United States Supreme Court recently explained,

> AEDPA's standard is intentionally difficult to meet. We have explained that clearly established Federal law for purposes of §2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Woods v. Donald*, 575 U.S. __, __; No. 14-618, slip op. at 4. (March 30, 2015) (quotation marks and citations omitted). Moreover, "if the circumstances of a case are only 'similar to' our precedents, then the state court's decision is not 'contrary to' the holdings in those cases." *Id.*, slip op. at 6.

Though Harris cites to a number of United States Supreme Court cases, none of them address the obligation of sex offenders to disclose their internet usernames and email addresses to law enforcement officials. Indeed, none of them discuss what

3

limitations can be placed on sex offenders at all.[1] "[W]here the precise contours of a right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *Id.*, slip op. at 6-7 (quotation marks, brackets and citations omitted). Thus, though the United States Supreme Court has addressed the application of the First Amendment in many contexts, it has not explained its applicability to monitoring convicted sex offenders. As such, the Indiana decision cannot have been an unreasonable application of clearly established Supreme Court law. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008) ("Because our cases give no clear answer to the question presented . . . it cannot be said that the state court unreasonably applied clearly established Federal law." (quotation marks, brackets, and citation

---

[1] *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977) (teacher's union dues); *Broadrick v. Oklahoma*, 413 U.S. 601 (1973) (state employee political activity); *Elrod v. Burns*, 427 U.S. 347 (1976) (public employee patronage); *Frisby v. Schultz*, 487 U.S. 474 (1988) (abortion protesters); *Garrity v. New Jersey*, 385 U.S. 493 (1967) (coerced confessions); *Hoffman v U.S.*, 341 U.S. 479 (1951) (grand jury witness); *Lefkowwitz v. Cunningham*, 431 U.S. 801 (1977) (grand jury witness); *Mcintyre v. Ohio Elections Comm.*, 514 U.S. 334 (1995) (anonymous political leaflets); *NAACP v. Button*, 371 U.S. 415 (1963) (legal assistance and referrals); *New York Times Co. v. Unities States*, 403 U.S. 713 (1971) (publication of classified documents); *Riley v. National Federation of the Blind of North Carolina, Inc.*, 487 U.S. 781 (1988) (charitable solicitations); *Simon & Schuster, Inc. v. Members of N.Y. State Crime Victims Bd.*, 502 U.S. 105 (1991) (publication of descriptions of criminal activities); *Sorrell v. IMS Health Inc.*, 131 S. Ct. 2653 (2011) (disclosure of prescription records); *Turner Broadcasting System, Inc. v. F.C.C.*, 512 U.S. 622 (1994) (local stations on cable television); *United States v. Carotene Products Co.*, 304 U.S. 144 (1938) (regulation of milk products); *United States v. Playboy Entm't Grp., Inc.*, 529 U.S. 803 (2000) (regulation of cable television transmission of sexually explicit material); *United States v. Stevens*, 559 U.S. 460 (2010) (over broad statute criminalizing depictions of animal cruelty); *United States v. Williams*, 553 U.S. 285 (2008) (child pornography statute not over broad); *Reno v. ACLU*, 521 U.S. 844 (1997) (regulation of internet pornography); *Virginia State Bd. Of Education v. Barnette*, 319 U.S. 624 (1943) (school children required to salute the flag); *Ward v. Rock Against Racism*, 491 U.S. 781 (1989) (sound systems at public band shell performances); *Washington v. Glucksberg*, 521 U.S. 702 (1997) (assisted suicide); *Wooley v Maynard*, 430 U.S. 705 (1979) (automobile licence plates).

omitted.)). Therefore Ground One is not a basis for habeas corpus relief.

## Ground Two

Harris argues that requiring him to disclose his usernames and email addresses to law enforcement as a part of registering as a sex offender is a violation of his Fifth Amendment right against self incrimination. Though the Court of Appeals of Indiana did not provide a written explanation for rejecting this claim, there is a strong presumption that it was nevertheless adjudicated on the merits. *See Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013). Because Harris has not rebutted this presumption,[2] AEDPA deference applies to this claim as well. Thus, because there is no clearly established Supreme Court law establishing the applicability of the Fifth Amendment to sex offender registry requirements, Harris has not demonstrated that the Indiana ruling was unreasonable.

Moreover, the "Fifth Amendment comes into play only when the accused is compelled to make a testimonial communication that is incriminating." *Doe v. United States*, 487 U.S. 201, 221 n.8 (1988) (quotation marks and citation omitted). Usernames and email addresses are personal identifiers or aliases. "An individual's identity is more than just his name or Social Security number, and

---

[2] In his traverse, Harris made no mention of the absence of an explicit discussion of this claim by the Court of Appeals of Indiana. He made no attempt to rebut the strong presumption that the State courts adjudicated this claim on the merits.

the government's interest in identification goes beyond ensuring that the proper name is typed on the indictment. Identity has never been considered limited to the name on the arrestee's birth certificate." *Maryland v. King*, 133 S. Ct. 1958, 1971 (2013). Therefore Ground Two is not a basis for habeas corpus relief.

Ground Three

Harris argues that there was insufficient evidence to have found him guilty of failing to register as a sex offender. The Court of Appeals of Indiana found that there was sufficient evidence.

> Harris also argues that because he personally did not use or intend to use certain unregistered email addresses, he complied with the I.C. § 11-8-8-8(a)(7) requirement that a sex or violent offender register those email addresses the offender uses or intends to use. We characterize this argument as a sufficiency of the evidence claim.
> In order to convict Harris of failing to register under I.C. § 11-8-8-17, as a Class D felony, the State was required to prove beyond a reasonable doubt that Harris, a sex offender, acting with the culpability required for commission of the crime:
>> (1) failed to register when required to register under this chapter;
>> (2) failed to register in every location where the sex or violent offender is required to register under this chapter;
>> (3) made a material misstatement or omission while registering as a sex or violent offender under this chapter.
>
> I.C. § 11-8-8-17(a). The statute requires that the sex or violent offender knowingly or intentionally commit the violation for culpability. I.C. § 11-8-8-17.
> When reviewing the sufficiency of the evidence to support a conviction, we will consider only the probative evidence and reasonable inferences supporting the

verdict. We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. Because knowledge is the mental state of the actor, it may be provided by circumstantial evidence and inferred from the circumstances of each case.

    Harris does not dispute that he did not list the email addresses when he updated his registration on June 1, 2009. However, Harris argues that he was aware of the requirement to register and as a result he never personally used or intended to use the unregistered email addresses or social networking website user names. Instead, he claims that the unregistered email addresses and social networking usernames were registered under his wife's name, used in connection with the promotion of his services as an actor and filmmaker, and part of the "brand name" of his business carried out through his corporation. According to Harris, in such case, the law does not require him to register the email addresses or social networking user names.

    At trial, the State offered screen shots of Harris's MySpace profile page and his IndianaActors.com profile page. The MySpace profile page contained Harris's photograph, a narrative of his likes and dislikes, listed his marital status as single, and a user name of filmmaker1954@aol.com. Further, the State provided records from MySpace showing that the profile page was created on May 5, 2009, and an associated email address of filmmakerl954@aol.com. The IndianaActors.com profile page contained photographs of Harris, listed an email address of michaharr5@aol.com, and stated contact Michael L. Harris directly if you are interested in his talents. Harris did not register either email address until December 3, 2009.

    Based on the foregoing, we deem Harris's arguments merely a request to reweigh the evidence. We decline to do so. There is sufficient evidence from which the jury could infer that Harris used or intended to use such email addresses and failed to register these email addresses on June 1, 2009. We therefore reject Harris's sufficiency of the evidence claim.

Harris v. State, 985 N.E.2d 767, 783-84 (Ind. Ct. App. 2013)

(brackets, citations, quotation marks, and footnote omitted).

    The standard of review is a rigorous one: evidence, viewed in the light most favorable to the State, is

> sufficient to support a conviction so long as any rational trier of fact could find the essential elements of the offense to have been proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Because we consider this claim on collateral review rather than direct appeal, [AEDPA] imposes an additional layer of defense onto this inquiry: we may grant relief on this claim only if the [State] Appellate Court applied the *Jackson* standard unreasonably to the facts of [the] case.

*Jones v. Butler*, 778 F.3d 575, 581-82 (7th Cir. 2015) (parallel citations omitted).

Harris does not dispute any of the factual findings set forth by the Court of Appeals of Indiana. Rather, he argues that, "There is no direct eviden[ce] that Harris personally responded to any email correspondence, nor that he intended to do so." DE 10 at 18. However, the lack of direct evidence of intent is not a basis for habeas corpus relief because "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson v. Virginia*, 443 U.S. 307, 326 (1979). Here, the evidence was that Harris had two email accounts that he did not report even though they were advertized on the internet with his photo and invited others to contact him personally. Despite his assertion that these were his wife's accounts, he listed himself as single and made no mention of her in his online postings. Based on this evidence, it was not unreasonable for the Court of Appeals of

8

Indiana to have found that it was reasonable for a jury to have found that Harris intended to violate the law requiring him to register his email addresses. Therefore Ground Three is not a basis for habeas corpus relief.

Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Harris has not made such a showing and will be denied a certificate of appealability.

CONCLUSION

For the reasons set forth above, the habeas corpus petition (DE 1) is **DENIED** and Harris is **DENIED** a certificate of appealability.

DATED: April 2, 2015 /s/RUDY LOZANO, Judge
United State District Court